# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In Re:* **L.M. & S.M.**

**No. 12-1284** (Raleigh County 11-JA-25 & 11-JA-26)


## MEMORANDUM DECISION

Petitioner Mother, by counsel Amber Wadsworth, appeals the Circuit Court of Raleigh County's order entered on October 1, 2012, terminating her parental rights to her children. The guardian ad litem, G. Todd Houck, has filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee Niezgoda, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The abuse and neglect petition in this action was filed based on physical abuse of the children by their mother and lack of supervision. At the time the petition was filed, the father was incarcerated for failing to register as a sex offender in Raleigh County. The petition also noted that Petitioner Mother and the father had two prior terminations of parental rights in Ohio. Petitioner Mother stipulated to allegations in the petition and was granted an improvement period. The DHHR filed a motion to terminate Petitioner Mother's parental rights, and although counsel for Petitioner Mother advised her by letter of this hearing, she failed to appear. Counsel also advised the circuit court that Petitioner Mother missed a scheduled appointment. The circuit court proceeded to disposition in petitioner's absence and terminated Petitioner Mother's parental rights. The November of 2012 termination was based on the findings that Petitioner Mother curses and hits the infant children; pulls their hair; throws away their toys; refuses to potty train them; and the father is a registered sex offender and is currently incarcerated. Additionally, the circuit court found that Petitioner Mother suffers from delusions; that she did attempt to provide help to providers, she has wholly failed to follow through with her improvement period; that she has been through this procedure in Ohio; that she has no home; that she has not severed ties with the sex offender father; that she has not obtained a divorce; and that there is no reasonable possibility that she can complete an improvement period or correct the conditions which led to the petition and exhibits the same behavior that led to the taking.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo*

1

review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights without giving her an opportunity to be heard. She argues that court should have granted her a continuance so she could present testimony to contradict the allegations made by Child Protective Services.

The DHHR responds in favor of termination of parental rights, arguing petitioner did not inform the court her mail was being held and she never received the notice of hearing. She also missed a recent appointment with her counsel to prepare her case. The DHHR argues there is no proof her testimony would have changed the outcome of this case. The DHHR argues due to several delays, Petitioner Mother in effect has had a one year improvement period and further delay would delay permanency for the two children. Finally, DHHR argues Petitioner Mother had been consistently failing in her improvement period for the past nine months. The children's guardian also responds in favor of the termination of parental rights, and agrees Petitioner Mother was not diligent in being prepared for the hearing, her testimony would not likely affect the outcome of the case, and a continuance was not in the best interest of the children.

". . . [W]e structure our review in accordance with four salient factors that appellate courts consider when reviewing denials of requests for a continuance. First, we consider the extent of [. . .] diligence in [the respondent parent's] efforts to be present and to ready her defense prior to the date set for the hearing. Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced or been contrary to the interests of the circuit court, the witnesses, and the other litigants, including the public interest in the prompt disposition of these types of proceedings. Finally, we consider the extent to which [the respondent parent] might have suffered harm as a result of the circuit court's denial.

*In re Tiffany Marie S.*, 196 W.Va. 223, 236, 470 S.E.2d 177, 189 (1996). "A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt.

2 *State v. Bush*, 163 W.Va. 168, 169, 255 S.E.2d 539, 540 (1979). This Court finds the circuit court had sufficient facts before it and did not abuse its discretion in denying Petitioner Mother's motion to continue and terminating her parental rights.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3